UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD STINSON,<br><br>       Plaintiff,<br><br>-against-<br><br>OFFICER J. LOPEZ; LT. MOTSKA, both unofficial and official capacity,<br><br>       Defendants. | 1:25-CV-0826 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Richard Stinson, who is currently incarcerated in the Federal Correctional Institution in Thomson, Illinois, brings this *pro se* action asserting claims for damages and alleging that the defendants violated his federal constitutional rights while he was incarcerated in the federal Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). He sues: (1) MDC Brooklyn Correctional Officer J. Lopez; and (2) MDC Correctional Lieutenant Motska. Plaintiff appears to sue them in their official and individual capacities. Thus, the Court construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and under the Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

  The applicable venue provision for Plaintiff's claims under *Bivens* is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2). With respect to claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Plaintiff does not allege where he or either of the defendants reside. Thus, it is unclear whether this court is a proper venue for Plaintiff's claims under *Bivens*, pursuant to Section 1391(b)(1), or for his claims under the FTCA, pursuant to Section 1402(b). Plaintiff does allege, however, that the alleged events giving rise to his claims occurred at MDC Brooklyn, which is located in Kings County, New York (ECF 1, at 5), within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not within this judicial district.[1] Thus, the United States District Court for the Eastern District of New York, and not this court, is a proper venue for Plaintiff's claims under *Bivens*, pursuant to Section 1391(b)(2), and for his claims under the FTCA, pursuant to Section 1402(b).

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of this action under Section 1404(a) appears to be appropriate because: (1) the underlying alleged events occurred in Kings County, within the Eastern District of New York; (2) both of the defendants, if they are not alleged to reside in that judicial district, are at least alleged to be assigned to a correctional facility (MDC Brooklyn) located there (ECF 1, at 4); and, thus, (3) it is reasonable to expect that relevant documents and witnesses would be located there. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 31, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge